**NORSKOG, Plaintiff, v. ATHA, Defendant.**

Municipal Court (Civil Division), City of Dayton,

No. 15477. Decided September 10, 1951.

Webb R. Clark, Dayton, for plaintiff.
William H. Wolfe, Dayton, for defendant.

## OPINION

By McBRIDE, J:

In this action in forcible entry and detention, the landlord expressly directed the tenant to send rental payments to him at his residence. The record reveals that for the preceding year, the tenant purchased a bank check each month, addressed the envelope and delivered it to the local carrier or dropped it in a convenient mail box. For the period in question, the record contains a carbon copy of such a draft for the proper amount dated three days before the rent was due. There is testimony of an officer of the financial institution that, as in the past, he addressed the envelope. There is also testimony that the envelope was personally handed on the same day to the local mail carrier, who remembered receiving such a cover on that day. The landlord testified that he never received the envelope or the check.

Generally a tenant is bound to pay his landlord in person and he does not fulfill his obligation by making reasonable efforts to transmit the rent by mail, however, if by the landlord's express direction or assent, the usual course of dealing between the parties, or other facts from which such direction or assent may be inferred, the landlord has authorized the money to be mailed to him, then the post office is made the agent of the landlord and delivery of money there is payment. **31 O. Jur. 161; 21 Ruling Case Law 35; 9 O. Jur. 267.**

While the case of **Hitz v. Ohio Fuel, 43 Oh Ap 484 (1932),** was an equitable action for the cancellation of a lease, the general law announced is applicable to an action in forcible entry and detainer. In that case, the lessee was accorded

the privilege of payment "by bank check to the W. J. Hitz mailed to his P. O. address." The court held that such a requirement MADE POSTAL SERVICE LESSOR'S AGENT TO DELIVER THE CHECK.

And to the same effect, we quote 40 American Jurisprudence, Section 36, page 737:

"It is firmly established that payment may be made by mail where, by the creditor's express direction or assent, the usual course of dealing between the parties or other facts from which such direction or assent may be inferred, the creditor has authorized the money to be thus delivered to him. In such a case, the posting of a letter inclosing the remittance as directed constitutes a payment, although the letter is lost, and a delay of the remittance in the mail will not result in a forfeiture or loss of rights through nonpayment. Thus, the inclosure of an addressed envelope, with a request to use it in sending a remittance, authorizes the sending of it through the mail."

Judge Sherick, in the **Hitz case, 43 Oh Ap 492,** outlines the burden of proof in a situation where it is necessary to establish non-payment of rent.

"The burden of proof was upon the plaintiffs to show that the lessee and its assignee had breached the contract. This burden they have failed to maintain. Their denial of delivery to them by the postal service of the check might have been sufficient to dispel the proven facts and the final presumption of mailing based thereon, if delivery had been a part of the covenant of payment; but it cannot destroy that presumption entirely when proof of mailing was alone required, for the agent of the plaintiffs, the postal service, might have been responsible for failure of delivery."

The landlord in this case directed the tenant to "send" the rent to his residence. The tenant was an elderly lady who was not able to personally deliver the money. These instructions under the circumstances imply authority to select an agent. In addition, the continuous use of the mail and the acceptance by the landlord over a period of many months operates as a consent to this method of payment. Accordingly we find that the landlord has not established that the defendant failed to pay the rent according to the contract and under the rent regulations the landlord is not entitled to possession. Any other decision in such a situation would enable a landlord to evade the rent regulations at will.

An entry may be prepared for the defendant.